## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*1700 New York Avenue N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 2, 2026

<u>Via ECF</u>

Kelly L. Stephens, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

      Re:    *Linney's Pizza* v. *Board of Governors of the Federal Reserve System*, No. 25-6038

Dear Ms. Stephens:

      On its face, the Eighth Circuit's unsigned, unexplained order denying intervention in the parallel *Corner Post* appeal provides no reason for this Court to deny intervention here.

      Whatever motivated the decision in that case, the Associations' intervention is warranted in this one.  Plaintiff's timeliness objection focuses entirely on the district-court proceedings, but to the extent that is relevant to intervention on appeal, the district court here (unlike in *Corner Post*) correctly determined that the Associations' motion was timely.  *See United States* v. *Michigan*, 68 F.4th 1021, 1024-1025 (6th Cir. 2023) ("[W]e defer to [district courts'] timeliness determinations.").  Although the district court believed that the Board would adequately

represent the Associations' interests, even plaintiff does not dispute that the Associations—which represent the direct objects of the interchange-fee cap at issue here—have a uniquely strong interest in the outcome of this appeal. More importantly, the Board advocates a reading of the Durbin Amendment that gives it discretion to disregard costs that, in the Associations' view, the statute *requires* it to consider. The Board and the Associations simply do not have the same interest in the meaning of the Durbin Amendment or the extent of the agency's discretion.

      Finally, as the Associations explain in their reply brief (at 4-6), plaintiff's repeated cries of "gamesmanship" ring hollow. The Associations reasonably opted not to appeal the district court's order denying intervention in large part because the court simultaneously ordered their brief to be re-filed as an amicus brief and said it would consider the arguments in amicus briefs in ruling on the merits. The need to intervene on appeal became clear only once the district court declined to consider the Associations' distinct interpretation of the statute. This Court should grant intervention and consider the full range of arguments to determine the "best reading" of the Durbin Amendment. *Loper Bright Enters.* v. *Raimondo*, 603 U.S. 369, 400-401 (2024).

                                            Respectfully submitted,

                                            */s/ Jeffrey B. Wall*
                                            Jeffrey B. Wall
                                            Sullivan & Cromwell LLP
                                            1700 New York Avenue, N.W.
                                            Washington, DC 20006
                                            (202) 956-7500
                                            wallj@sullcrom.com

                                            *Counsel for Proposed*
                                            *Intervenors Bank Policy*
                                            *Institute and The Clearing*
                                            *House Association L.L.C.*

cc:    All counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I certify that on January 2, 2026, the foregoing was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the same was automatically served on all parties registered with the CM/ECF system on the same date.

Dated: January 2, 2026     /s/ *Jeffrey B. Wall*
                                                 Jeffrey B. Wall

*Counsel for Proposed Intervenors Bank Policy Institute and The Clearing House Association L.L.C.*