No. 25-6038

# In the United States Court of Appeals for the Sixth Circuit

LINNEY'S PIZZA, LLC,
*Plaintiff-Appellant,*

v.

BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM,
*Defendant-Appellee,*

and

BANK POLICY INSTITUTE and
THE CLEARING HOUSE ASSOCIATION L.L.C.,
*Proposed Intervenors-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Kentucky
(No. 3:22-cv-00071) (The Hon. Gregory F. Van Tatenhove)

## PROPOSED INTERVENORS-APPELLEES' MOTION FOR ORAL ARGUMENT

JEFFREY B. WALL
JUDSON O. LITTLETON
ABBY H. WALTERS
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
Telephone: (202) 955-8500
jwall@gibsondunn.com
jlittleton@gibsondunn.com
ahwalters@gibsondunn.com

*Counsel for Proposed Intervenors-Appellees*

Proposed intervenors-appellees Bank Policy Institute and The Clearing House Association L.L.C. respectfully move for leave to participate in oral argument in this case pursuant to Circuit Rule 34(e). In support of this motion, the Associations state:

1.    This appeal concerns a challenge to a Federal Reserve Board rule known as Regulation II, which imposes a cap on the fees that debit-card issuing banks may receive for the valuable services they provide in processing debit transactions for millions of Americans every year.   The Associations represent a significant coalition of major nationwide banks that process debit transactions and thus are subject to these fee caps.   Although the Associations' members are the entities directly regulated by Regulation II, neither party to this litigation represents those banks' interests.

2.    In this case, Linney's Pizza contends that Regulation II is unlawful because it sets the interchange-fee cap too high.  The Board maintains that it acted within its discretion in adopting that rule.  The dispute principally turns on the correct interpretation of the Durbin Amendment, 15 U.S.C. § 1693$o$-2.   That statute requires that interchange fees be "reasonable and proportional to the cost incurred

1

by" debit-card issuers "with respect to" debit transactions, and authorizes the Board to "prescribe regulations" implementing that limitation. *Id.* § 1693*o*-2(a)(2), (3)(a). In Regulation II, the Board interpreted the statute to give the Board discretion to include certain transaction-related "costs" in its calculation of the fee cap and to exclude others. *See* Debit Card Interchange Fees & Routing, 76 Fed. Reg. 43,394, 43,426 (July 20, 2011). The district court agreed with the Board's reading and upheld Regulation II on that basis. R.61, Op. & Order, PageID# 1087.

3.    Linney's Pizza now appeals that decision. It argues that the Durbin Amendment prohibits consideration of any costs that are not "incremental" costs associated with authorization, clearance, or settlement (ACS) of electronic-debit transactions. The Associations agree with the Board (and the district court) that this interpretation of the statute is incorrect, and that Linney's Pizza's challenge to Regulation II should therefore be rejected. But the Associations advance a different interpretation of the Durbin Amendment as compared to the Board. In particular, as explained in the Associations' brief, Section 1693*o*-2's overarching mandate requires the Board to

consider *all* transaction-specific costs when calculating the fee cap. *See* App. ECF No. 40 at 28. The Board, by contrast, argues that the statute gives it discretion to decide which transaction-specific costs it will consider, and that it "properly exercised discretion" when it chose to consider some (but not all) transaction-related costs in Regulation II. *See* App. ECF No. 42 at 22.

4.   While the Board's interpretation is closer to the statute's meaning than Linney's Pizza's reading, it does not reflect the "best reading" of the Durbin Amendment. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024). And as a practical matter, the result of the Board's approach is to cap interchange fees at a level below the costs many of the Associations' members incur when effectuating electronic-debit transactions. Unless the Associations are granted leave to participate in oral argument, however, no party will advance the Associations' statutory interpretation or defend the interests of all their members at argument.

5.   Although the district court denied the Associations' motion to intervene on the premise that their arguments could be adequately presented as amici curiae, *see* R.56, Intervention Op., PageID# 964-65,

it did not address the Associations' distinct statutory arguments in its decision, *see* R.61, Op. & Order.  The Associations accordingly moved to intervene in this appeal.  *See* App. ECF No. 13.  On March 9, 2026, this Court referred the Associations' motion to intervene to the merits panel and permitted the Associations to file an intervenor brief consistent with the Board's briefing schedule.  App. ECF No. 23.  The Associations did so on May 29, 2026.  App. ECF No. 40.

6.    This Court should grant the Associations leave to participate in oral argument.  Doing so will ensure that the Court can fully consider the Associations' distinct interpretation of the critical statutory provisions at issue, consistent with the Supreme Court's admonition that courts "use every tool at their disposal to determine the best reading of the statute" in cases like this one. *Loper Bright*, 603 U.S. at 400.  And it will ensure that the interests of the entities actually subject to the interchange-fee cap at issue in this case will be represented at argument.

7.    The Associations respectfully request that they be allotted 10 minutes of argument time in addition to the 15 minutes that the Board will have under Circuit Rule 34(f)(1).  The Court could then give Linney's

Pizza an equivalent total time of 25 minutes of argument in support of reversal.

8.    The Board takes no position on the Associations' participation in oral argument, but believes that any such argument should not reduce the Board's argument time.  Linney's Pizza opposes this motion.

Dated: June 9, 2026

Respectfully submitted,

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL
JUDSON O. LITTLETON
ABBY H. WALTERS
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
Telephone: (202) 955-8500
jwall@gibsondunn.com
jlittleton@gibsondunn.com
ahwalters@gibsondunn.com

*Counsel for Proposed Intervenors-Appellees Bank Policy Institute and The Clearing House Association L.L.C.*

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 810 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionately spaced 14-point CenturyExpd BT typeface using Microsoft Word 2025.

Dated: June 9, 2026

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL

*Counsel for Proposed Intervenors-Appellees Bank Policy Institute and The Clearing House Association L.L.C.*

6

# CERTIFICATE OF SERVICE

I certify that on June 9, 2026, the foregoing was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the same was automatically served on all parties registered with the CM/ECF system on the same date.

Dated: June 9, 2026

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL

*Counsel for Proposed Intervenors-Appellees Bank Policy Institute and The Clearing House Association L.L.C.*