No. 25-6038

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

LINNEY'S PIZZA, LLC,

*Plaintiff-Appellant*,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

*Defendant-Appellee*,

and

BANK POLICY INSTITUTE, AND CLEARING HOUSE ASSOCIATION, LLC,

*Proposed Intervenors.*

On Appeal from the United States District Court for the
Eastern District of Kentucky, No. 3:22-cv-00071 (Van Tatenhove, J.)

## APPELLANT'S OPPOSITION TO PROPOSED INTERVENORS
## MOTION FOR ORAL ARGUMENT

Jennifer Kincaid Adams
BLACKBURN DOMENE BURCHETT PLLC
614 W. Main Street, Suite 3000
Louisville, KY 40202
(502) 371-0586
jadams@bdblawky.com

Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main St., 5th Fl.
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Bryan Weir
Frank H. Chang
Cody Ray Milner
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
*Counsel for Appellant*

**RESPONSE IN OPPOSITION**

The Bank Policy Institute and the Clearing House Association, LLC (collectively the "Banking Associations") are not parties to this appeal. Not for lack of trying. They sought both intervention-as-right and permissive intervention in the district court, lost on both, and declined to appeal that loss. They then moved again for intervention—even though there is no right to intervene on appeal when the government continues to defend the law being challenged—and this Court referred that motion to the merits panel rather than grant intervention. *See* Order (Doc. 23). Undeterred, the Banking Associations now request the full benefits of party status—oral argument time, and undivided oral argument time at that. But the Banking Associations cannot draw future credit on an intervention motion that they have not won and should not win. The Court should deny the motion.

1. The Banking Associations cannot claim the privileges of party status without establishing a right to it. Oral argument is reserved for parties, not for any entity with an interest in the outcome of a case. Non-parties speak "only with the court's permission," Fed. R. App. P. 29(a)(8), and that

1

permission is the exception, not the rule. Here, the Banking Associations try to claim oral argument even though they are twice-unsuccessful intervenors whose latest motion this Court has not granted but referred. *See* Order (Doc. 23). Giving the Banking Associations argument time before resolving their motion to intervene would award them intervention in everything but name and render the pending motion a dead letter. If the Banking Associations are not entitled to intervene, they are not entitled to argue.

And the Banking Associations are not entitled to intervene. Intervention on appeal is reserved for "truly exceptional cases." *Richardson v. Flores*, 979 F.3d 1102, 1104 (5th Cir. 2020). This case is exceptional only in the Banking Associations' persistence. The Banking Associations watched from the sidelines for two years while the government engaged in this litigation; intervened belatedly and lost; let the deadline to appeal that denial lapse; and then refiled in this Court as though the district court's ruling had never issued. That is "procedural gamesmanship," *id.* at 1105—the very "wait-and-see" strategy this Court has repeatedly condemned, *Cahoo v. SAS Inst., Inc.*, 71 F.4th 401, 413 (6th Cir. 2023), with untimeliness under every

factor this Court considers, *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475-78 (6th Cir. 2000). Meanwhile, the United States government—which wrote Regulation II, defended it below, and prevailed—continues to represent the Banking Associations' interest in affirmance. *See Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987); *see also* Opp. to Mot. to Intervene (Doc. 18) at 6-19. Until the merits panel of this Court rules otherwise, the Banking Associations are, at most, amici. The Banking Associations have been permitted to brief their views, but they should not be given argument time based on a pending intervention motion that no court has yet granted.

2. The Banking Associations' participation would complicate oral argument, not assist with the Court's consideration of this case. The Banking Associations claim that absent leave, "no party will advance the Associations' statutory interpretation" at argument. *See* Mot. (Doc. 69) at 3. But the Banking Associations have already advanced their position at length, in full merits briefing this Court permitted them to file. *See* Proposed Intervenors Br. (Doc. 40). The Supreme Court did direct courts to use "every tool at their disposal" to find a statute's best reading, *Loper Bright Enters. v.*

3

*Raimondo*, 603 U.S. 369, 400 (2024), but it does not direct courts to seat every interested industry group at counsel's table. If *Loper Bright* conveyed a right for every non-party that subjectively claims its reading to be the "best" to speak at oral argument, then oral argument would cease to be the parties' opportunity to be heard and will become an open microphone for the well-funded. But that is not this Court's procedure. Non-parties speak in briefs, and the Banking Associations have spoken.

In any event, the Banking Associations' request for argument time would add confusion, not clarity. The Banking Associations seek the same judgment as the Board—affirmance—but on a theory that condemns the rule under review. The Banking Associations claim that Regulation II misreads the statute, that the Board was required to consider *all* transaction-specific costs, and that the resulting fee cap is unlawfully low. By their own telling in their motion to intervene, affirmance on "the Board's argument would ultimately be adverse to the [Banking] Associations' interests." *See* Mot. to Intervene (Doc. 13) at 25-26. The Banking Associations are thus asking this Court to allot argument time to a non-party that will defend the judgment

4

while attacking its foundations—pressing a theory that no party advances, that the district court never reached, and that, if accepted, would condemn Regulation II from the opposite direction. That is not assistance—it is a second lawsuit auditioning inside the first.

## CONCLUSION

The Banking Associations have no right to intervene where the United States government continues to defend its own regulations, no right to present arguments as an intervenor when intervention has never been granted, and no place before this Court trying to present alternative arguments that attack the judgment the Banking Associations claim to be defending. The Court should deny the Banking Associations' motion for oral argument.

Dated: June 15, 2026                          Respectfully submitted,

 

                                               */s/ Tyler R. Green*

Jennifer Kincaid Adams                       Tyler R. Green
BLACKBURN DOMENE BURCHETT                     CONSOVOY MCCARTHY PLLC
PLLC                                         222 S. Main St., 5th Fl.
614 W. Main Street, Suite 3000               Salt Lake City, UT 84101
Louisville, KY 40202                         (703) 243-9423
(502) 584-1600                               tyler@consovoymccarthy.com
jadams@bdblawky.com

                                               Bryan Weir
                                               Frank H. Chang
                                               Cody Ray Milner
                                               CONSOVOY MCCARTHY PLLC
                                               1600 Wilson Blvd., Ste. 700
                                               Arlington, VA 22209
                                               (703) 243-9423

                                               *Counsel for Appellant*

6

## CERTIFICATE OF COMPLIANCE

This document complies with Rule 27(d)(2) because it contains 888 words, excluding the parts that can be excluded. This motion also complies with Rule 32(a)(5)-(6) because it was prepared using Microsoft Word in 14-point Palatino Linotype font.

Dated: June 15, 2026                  */s/ Tyler R. Green*
                                             Counsel for Appellant

## CERTIFICATE OF SERVICE

I filed this document via ECF, which will email everyone requiring notice.

Dated: June 15, 2026                  */s/ Tyler R. Green*
                                             Counsel for Appellant