No. 25-6038

# In the United States Court of Appeals for the Sixth Circuit

LINNEY'S PIZZA, LLC,
*Plaintiff-Appellant,*

v.

BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM,
*Defendant-Appellee,*

and

BANK POLICY INSTITUTE and
THE CLEARING HOUSE ASSOCIATION L.L.C.,
*Proposed Intervenors-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Kentucky
(No. 3:22-cv-00071) (The Hon. Gregory F. Van Tatenhove)

## PROPOSED INTERVENORS-APPELLEES' REPLY IN SUPPORT OF MOTION FOR ORAL ARGUMENT

JEFFREY B. WALL
JUDSON O. LITTLETON
ABBY H. WALTERS
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
Telephone: (202) 955-8500
jwall@gibsondunn.com
jlittleton@gibsondunn.com
ahwalters@gibsondunn.com

*Counsel for Proposed Intervenors-Appellees*

No party to this appeal has a greater stake than the Associations' members in how this Court interprets the Durbin Amendment, and neither party interprets that statute the way that the Associations do. Linney's Pizza does not and cannot dispute this, yet it objects to the Associations' participation in oral argument based largely on the same arguments it raised in opposing the Associations' intervention. *See* App. ECF No. 73 at 2-3. The Associations have already explained why those arguments are meritless, *see* App. ECF No. 20, and this Court allowed the Associations to file a full merits brief notwithstanding those objections. The Court should now reject Linney's Pizza's effort to prevent the Associations from having an "opportunity to be heard" at oral argument. App. ECF No. 73 at 4.

Linney's Pizza claims (*id.* at 1) that, by moving for oral argument, the Associations improperly seek "the privileges of party status without establishing a right to it." But the Court has determined that the merits panel should address both the Associations' arguments in favor of intervention and their arguments on the merits. And Linney's Pizza has since obtained an (unopposed) extension of its deadline and an increase of its word limit for its reply brief based on its need to respond to the

1

Associations' merits arguments.  App. ECF Nos. 75, 76.  There will be only one oral argument before the merits panel, and Linney's Pizza offers no reason why the Associations should not be allowed to participate in that argument to defend their distinct view of the merits and to address any questions about their proposed intervention.

Contrary to Linney's Pizza's suggestion, there is nothing improper or unusual about the Associations' request.  Sixth Circuit Rule 34(e) expressly contemplates "argument by [an] intervening party." And this Court routinely grants argument to intervenors who, like the Associations, press unique arguments and interests—exactly the situation when "separate argument is needed."  *Id.*; *see, e.g.*, *Brown-Forman Corp.* v. *NLRB*, Case No. 24-2107, ECF No. 57 (6th Cir. Oct. 22, 2025) (order); *id.*, ECF No. 55 (6th Cir. 2025) (motion); *In re: MCP No. 185: FCC*, Case No. 24-7000, ECF No. 162 (6th Cir. Oct. 16, 2024) (order); *id.*, ECF No. 161 (6th Cir. Oct. 14, 2024) (motion); *Quickway Transp., Inc.* v. *NLRB*, Case No. 23-1780, ECF No. 63 (6th Cir. June 17, 2024) (order); *id.*, ECF No. 60 (6th Cir. May 30, 2024) (motion).

Linney's Pizza wrongly claims that the Associations' participation "would complicate" and add "confusion" to oral argument because the

2

Associations advance a different interpretation of the Durbin Amendment from the Board's. App. ECF No. 73 at 3-4. That makes no sense. Linney's Pizza filed this suit to challenge Regulation II, and this Court must determine the "best reading" of the Durbin Amendment in order to resolve it. *Loper Bright Enterprises* v. *Raimondo*, 603 U.S. 369, 400 (2024). The Associations—the entities directly regulated by the statute—contend that the best reading is one that neither party advances. This Court thus has before it three different readings of the Durbin Amendment, and it will not unduly "complicate" its consideration of the appeal to explore all three interpretations at oral argument.

Finally, the Associations have clearly explained why they support affirmance of the district court's decision rejecting Linney's Pizza's challenge to Regulation II: because even though the Board's reading of the statute is not entirely correct, it is far better than Linney's Pizza's. But to the extent Linney's Pizza believes there is any "confusion" on that score, *see* App. ECF No. 73 at 4, that is a reason to *grant* the Associations argument time, not to deny it.

For the foregoing reasons, the Court should grant the Associations' motion for argument, allot them 10 minutes of argument time in addition to the 15 minutes that the Board will have under Circuit Rule 34(f)(1), and allow Linney's Pizza an equivalent total time of 25 minutes.

Dated: June 22, 2026

Respectfully submitted,

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL
JUDSON O. LITTLETON
ABBY H. WALTERS
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
Telephone: (202) 955-8500
jwall@gibsondunn.com
jlittleton@gibsondunn.com
ahwalters@gibsondunn.com

*Counsel for Proposed Intervenors-Appellees Bank Policy Institute and The Clearing House Association L.L.C.*

4

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 650 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionately spaced 14-point CenturyExpd BT typeface using Microsoft Word 2025.

Dated: June 22, 2026

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL

*Counsel for Proposed Intervenors-Appellees Bank Policy Institute and The Clearing House Association L.L.C.*

# CERTIFICATE OF SERVICE

I certify that on June 22, 2026, the foregoing was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the same was automatically served on all parties registered with the CM/ECF system on the same date.

Dated: June 22, 2026

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL

*Counsel for Proposed Intervenors-Appellees Bank Policy Institute and The Clearing House Association L.L.C.*

6