**No. 25-6038**

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

LINNEY'S PIZZA, LLC,
*Plaintiff-Appellant*,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,
*Defendant-Appellee.*

---

On Appeal from the United States District Court  for the Eastern
District of Kentucky (No. 3:22-cv-00071-GFVT)

---

**Motion for Leave to File Brief of *Amici Curiae*, Consumer Action for a Strong Economy, Institute for Policy Innovation, 60 Plus Association, Center for Individual Freedom, Center for a Free Economy and the Independent Women's Law Center In Support of Appellant Board of Governors of the Federal Reserve System**

---

July 2, 2026

GERARD D. SCIMECA
  *Counsel of Record*
CONSUMER ACTION FOR A STRONG ECONOMY
MO Bar No. 76360, VA Bar No. 91693
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(757) 375-9559
gds@caseforconsumers.org

*Counsel for Amici Curiae*

## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

Pursuant to Federal Rule of Appellate Procedure 29(a), proposed amicus curiae Consumer Action for a Strong Economy) respectfully moves for leave to file the attached brief in support of The Board of Governors of the Federal Reserve System. In support of this motion, amicus states the following:

1.      Proposed Amici Curiae are 501(c)(4) and 501(c)(3) non-profit organizations engaged in public policy advocacy, education, and research for the purposes of promoting free market economic principles that generate greater individual freedom and prosperity. Amici Curiae often engage in advocacy on legal matters involving the legislative, judicial, and executive powers of federal and state government bodies.

2.      Counsel for Amici Curiae made several attempts to file the amicus brief in a timely manner prior to the June 5, 2026, filing deadline but was thwarted by technical barriers preventing access to the necessary features of the CM/ECF electronic filing system. counsel was repeatedly logged out of the system involuntarily and/or reached digital "dead ends" where no further progress was possible. counsel was informed there were no alternate means of filing a brief with the Court outside of the CM/ECF system.

3.      Counsel notified the case manager immediately of the technical issues preventing a timely filing of the proposed brief, and did so prior to the June 5 filing

2

deadline. The case manager informed counsel that a notation would be placed on the docket stating technical issues were preventing the brief from being filed.

4.     Over the next few days, counsel sought technical assistance from the staffs of both the  6th Circuit Court and Pacer.gov, two web-based platforms integrated in the electronic filing process. Calls were made daily and counsel spoke to at least  half a dozen customer service associates in order to diagnose and remedy the issue. Several "fixes" were tried, but none yielded success. As one example, counsel's Pacer.gov account was found to be properly functioning by technical staff, yet password resets and increased log-on verification protocols were directed to an email address unrelated to the account, even after technical staff had thoroughly reviewed the data in the account. Nevertheless, this "deleted" email address continued to prevent the e-filing process from being completed successfully.

5.     By Tuesday morning, June 16th, counsel's Pacer.gov account was finally able to access the Court's e-filing system. This is likely due to a call with technical support earlier that day that fixed an error preventing the system from recognizing counsel's  credentials to e-file to the Court docket.

6.     When two organizations who are now an amicus to this brief were informed that the brief would be filed past the deadline, counsel consented to granting them further legal review of the brief given the lack of progress in solving

the electronic filing issue. Each amicus confirmed approval of the brief on Thursday, June 18.

7.     On Friday, June 19th, counsel filed Form 6ca-68, Appearance of Counsel to the Court through the electronic filing system successfully. The full brief was filed by counsel, and based upon prompts received through the filing process counsel had reason to believe the full brief was also filed successfully with the Court.

8.     As counsel has been informed in the immediate moment that the amicus brief did not upload successfully, and he seeks to remedy this issue with urgency and dispatch, amending his filing and updating the relevant dates to reflect this later filing date. Though he believed the matter was handled June 19th, amici's appearance on the docket has been revealed as limited to the Appearance form, not the amicus brief in full.

9.     Counsel understands that the duty owed in ensuring that matters are properly filed with the Court are counsel's alone, and acknowledges misjudging the status of the brief that was unsuccessfully filed on June 19th. However, counsel respectfully asks the Court to consider that the earlier technical glitch prior to June 5th had some residual effect on counsel's ability to confidently use the CM/ECF system. The extensive time and steps taken both alone and with the help of various technical staff when problems were first encountered were not ideal conditions under which to understand and utilize the features of this platform.

10.    Federal Rule of Appellate Procedure 29(e) provides that a court of appeals has the discretion to extend the time or grant leave for an amicus brief based on the totality of the facts and circumstances involved. *See Neonatology Associates, P.A. v. Commissioner, 293 F.3d 128 (3d Cir. 2002).* Such factors include timeliness and justification; relevance and value to the parties and the court; and prejudice to the parties.

11.    In the present instance, amici were prevented from filing on time by unforeseen technical issues beyond their control. With the confirmed success of filing at least one document with the court, counsel concedes that given earlier frustrations, he was overly optimistic that all of the June 19 filings were successfully uploaded to the Court and in good faith treated the matter as resolved.

12.    As e-filing provides the only path to filing an amicus with the Court, the technical issue just days before the filing deadline foreclosed any opportunity to file in a timely manner. Further, the technical issues were substantive to the extent it took several days and multiple employees of both Pacer.gov and the Sixth Circuit Court of Appeals to diagnose and eventually rectify the problem.

13.    Prior to the delay, all parties consented to the filing of the amicus brief. The filing extension at issue is short, and no party will be prejudiced or gain an unfair advantage with an extended filing date.

14.    The accompanying amicus brief offers a unique perspective we hope the Court finds valuable, one that is not based on statutory interpretation or legislative history, but focused on how the law and regulation in question affect the well-being of its primary constituents, which are U.S. consumers.

15.    Courts routinely grant leave to file amicus briefs out of time where, as here, the delay is brief, the movant acted in good faith, the opposing parties are not prejudiced, and the brief offers a perspective that may be useful to the court. The defect at issue was a technical barrier beyond the control of amicus, who acted in good faith with regard to the Court and all parties in the attempt to so file.

16.    Proposed Amicus Curiae respectfully submit that no purpose would be served by excluding from the Court's consideration a brief that may provide valuable insights and arguments for the Court in rendering a ruling opinion, and which could do so without unfairly harming or helping either party.

17.    For the foregoing reasons, Proposed Amicus Curiae respectfully request this Court grant leave to file the accompanying amicus curiae brief out of time.

Dated: July 2, 2026

By: /s/ Gerard D. Scimeca
Gerard D. Scimeca
MO Bar No. 76360
VA Bar No. 91693
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314

gds@caseforconsumers.org
Telephone: 757.375.9559
*counsel for Amici*

Pursuant to Circuit Rule 29A and Federal Rule of Appellate Procedure 29(a)(2), *Amici Curiae*, Consumer Action for a Strong Economy ("CASE"), the Institute for Policy Innovation ("IPI"), the 60 Plus Association ("60 Plus"), the Center for Individual Freedom ("CFIF"), the Independent Women's Law Center Forum ("IWLC"), and the Center for a Free Economy ("CFFE"), move this Court for an order permitting *amici curiae* to file the attached brief in support of Appellant.

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. P. 32(g), this document complies with the type-volume and word-count limits of Federal Rules of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,128 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5-6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Gerard D. Scimeca*

GERARD D. SCIMECA
*Counsel to Amici Curiae*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1ST day of July, 2026, a true copy of

the foregoing Motion for Leave to File Brief of *Amici Curiae* was filed

electronically with the Clerk of Court using the Court's CM/ECF system, which

will send by email a notice of docketing activity to all counsel of record.

/s/ *Gerard D. Scimeca*

GERARD D. SCIMECA
*Counsel to Amici Curiae*